UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RICHARD MORALES | Case No. 5:17-cv-01547-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Richard Morales ("Plaintiff") filed a Complaint on August 2, 2017, seeking review of the Commissioner's denial of his application for supplemental security income ("SSI"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on May 30, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

*//*

*//*

# I.
# BACKGROUND

On June 28, 2013, Plaintiff applied for SSI, alleging disability beginning January 1, 2010. Administrative Record ["AR"] 21, 76, 207-12, 214. After his application was denied initially (AR 89-93) and on reconsideration (AR 103-08), Plaintiff requested an administrative hearing, which was held on February 25, 2016. AR 21, 36. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert, Troy L. Scott. AR 38-64.

On April 7, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 21-31. The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 28, 2013, the application date. AR 23. The ALJ determined that Plaintiff suffered from the following severe impairments: history of right distal radius fracture with an open dorsal wound; left fourth metacarpal fracture with an open dorsal wound; history of placement of tibial intramedullary rod as well as removal due to infection; cellulitis of the leg. Id. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 24. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following limitations: Plaintiff could (1) lift and carry 50 pounds occasionally, and 25 pounds frequently; (2) stand, walk, and sit for six hours in an eight-hour workday with regular breaks; (3) not use constant foot controls with the right lower extremity; (4) frequently climb stairs and stoop; (5) occasionally use ramps, ropes, ladders, and scaffolds; (6) balance without limits; (7) occasionally kneel, crouch, and crawl; (8) frequently handle with the right upper extremity; and (9) not be exposed to concentrated hazards, including machinery and unprotected heights. Id. The ALJ determined that Plaintiff's

RFC precluded him from performing his past relevant work as a construction laborer. AR 29-30. However, the ALJ concluded Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy, including: cleaner (Dictionary of Occupational Titles ["DOT"] 381.687-018); hand packager (DOT 920.587-018); and warehouse worker (DOT 922.687-058). AR 30-31. The ALJ concluded that Plaintiff was not under a disability since the application filing date of June 28, 2013. AR 31.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 205-06, 274-75. On February 10, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even

when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.
## DISCUSSION

The parties present one disputed issue: whether the ALJ properly considered Plaintiff's testimony. Jt. Stip. at 4.

**A.     Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 404.1529(a). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is

4

supported by substantial evidence, it is not the court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).[1]

**B.　Analysis**

Plaintiff testified he worked for his father building swimming pools until his father died around 2005 and has not worked since. AR 44-46. He went to college for a semester, but he was thrown out due to drinking. AR 43-44. He supports himself with food stamps, Medi-Cal, and by collecting cans and other recyclables, such as refrigerators, copper from demolished homes, brass, car parts, and whatever else he can find. AR 41, 46-47. About three years ago, he was mauled by two dogs, resulting in ligament tears in his right wrist, and both hands being placed in casts. AR 47-48. About four years ago, his leg was broken when he was hit by a train while collecting scrap iron. AR 48-49. Doctors put a rod in his leg, but took it out when it became infected. AR 48. He also hurt his back when he was hit by a car five or six years ago. AR 49-50.

As a result of his injuries, he can lift only about five or 10 pounds with his right hand, and he has trouble griping and turning things with it. AR 47-48, 51-52. He can lift 40 pounds with his left hand. AR 52. He can stand for about an hour. AR 52. He can walk about a half mile. Id. He does not have any problems sitting, but he will fall asleep if he sits for a few hours. AR 53. He can

---

[1] Shortly before the ALJ's decision, SSR 16-3p went into effect. See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16-3p provides that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." Id. Moreover, "[i]n doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character" and requires that the ALJ consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. Id.; see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (as amended). Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p, 2016 WL 1119029, at *10.

climb stairs and do housework. Id. He can cook, clean, pick up things, vacuum, sweep, do the laundry, bathe, and dress himself. AR 53-54. He does not have a car, so he rides his bike every day about five to 10 miles. AR 54. He hauls a trailer behind his bike and can go anywhere he wants. Id.

He is depressed "a lot," but has never been treated for any mental health issue, and no doctor has ever told him he should be treated. AR 51. He has not received any treatment for his back in about five or six years, and does not take drugs because he does not believe in them. AR 50, 54-55. He has not seen a doctor in about eight months because he became tired of them "pushing [him] around," because they moved office locations multiple times. AR 50-51, 54. He went to the emergency room about five months ago for his leg. AR 56. They gave him pills but he stopped taking them because he ran out and did not need them anymore. AR 56-57. None of his doctors told him he could not do certain activities or could not work. AR 57.

The ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not consistent with the evidence." AR 26. The ALJ discounted Plaintiff's subjective symptom testimony for the following reasons: (1) lack of treatment for certain symptoms; (2) gaps in treatment; (3) alleged symptoms at odds with daily activities; and (4) lack of objective medical evidence supporting subjective statements. AR 25-29.

The ALJ cited the inconsistency between Plaintiff's testimony that he was depressed, and his admission that he had never received any treatment for depression or any other mental health symptom. AR 26. The "case law is clear that if a claimant complains . . . but fails to seek treatment . . . an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." Orn, 495 F.3d at 638; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)

6

(ALJ is permitted to consider lack of treatment in his assessment of subjective complaints); see also Davis v. Astrue, 266 F. App'x 680, 681 (9th Cir. 2008) ("The ALJ articulated a clear and convincing reason for rejecting [claimant's] symptom testimony by explaining that although [claimant] testified to incapacitating symptoms, he did not seek treatment for those symptoms.") The ALJ's determination is supported by the record. As part of Plaintiff's testimony explaining why he believes he cannot work, Plaintiff said he is depressed "a lot." AR 51. However, when asked by the ALJ whether he had been treated for any mental health issue at all, including for depression or anxiety, Plaintiff answered, "No, I don't think so." Id. He also admitted that no doctor had ever told him he needed mental health treatment. Id.[2]

Similarly, the ALJ discounted Plaintiff's subjective complaints about severe back pain due to a lack of treatment. AR 26, 49-50, 56, 225. See Burch, 400 F.3d at 681; Davis, 266 F. App'x 680, 681 (9th Cir. 2008); Schultz v. Astrue, 2008 WL 11385512, at *4 (D. Or. Oct. 2, 2008) (claimant's failure to seek treatment despite claims of debilitating symptoms, and while seeking treatment for other conditions, is sufficient reason to disregard subjective testimony). Here, the ALJ found that there was no evidence that Plaintiff sought or received ongoing treatment for back pain, despite receiving treatment for his upper and lower extremities. AR 26. This finding is also supported by

---

[2] The Commissioner concedes that the second part of the ALJ's finding – that Plaintiff did not even mention depression to his physician – is likely inaccurate. Jt. Stip. at 17 n.7; AR 25. As noted by the Commissioner, when Plaintiff was treated for his physical symptoms, one treatment note check marked "depression," and another referenced "anxiety," suggesting Plaintiff told his physician he had symptoms on those occasions. Jt. Stip. at 17 n.7; AR 292, 651. However, any error in this part of the finding is harmless given that the ALJ correctly relied on the lack of treatment and the other reasons discussed below. See Molina, 674 F.3d at 1115; Brown-Hunter, 806 F.3d at 492.

7

the record. AR 50 (Plaintiff only saw spinal specialist five or six years ago), 54-55 (not currently taking any medication).

Relatedly, the ALJ noted Plaintiff's statements that he had not seen treatment providers in a long time. AR 25. See Marsh v. Colvin, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's symptoms); Burch, 400 F.3d at 681 (ALJ properly relied on three- to four- month treatment gap in discrediting claimant's testimony). The ALJ specifically referenced Plaintiff's testimony that he had not seen a doctor in eight months, and that he does not have a primary care physician. Moreover, his last visit was to the emergency room five months before the hearing, for leg pain. AR 25. The ALJ's determination is supported by the record. AR 50-51 (no doctor visits in eight months), 55 (no primary care physician and has not seen one in a year), 56 (last medical visit was to the emergency room five months ago), 57 (did not return to the emergency room).

Next, the ALJ concluded that Plaintiff's alleged symptoms and limitations were at odds with his reported activities. AR 24. The ALJ noted that Plaintiff described a "somewhat normal level of daily activity and interaction." AR 26. The ALJ mentioned that Plaintiff prepared easy meals, shopped, performed some household chores, socialized on a daily basis, performed yard work, and went to the YMCA. AR 26, 237) The ALJ also noted that Plaintiff recycled goods for cash since his allege onset date. AR 26. The ALJ made the specific finding that the physical and mental capabilities, and social interactions, required to perform many of these tasks replicate those necessary for obtaining and maintaining employment. AR 26.

The Ninth Circuit has "repeatedly warned that ALJs must be inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in

8

bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). "[O]nly if his level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on his credibility." Garrison, 759 F.3d at 1016.

Here, Plaintiff's testimony and function report show he is quite active. For example, Plaintiff can prepare meals daily for 30 minutes and can shop once a week in stores for about an hour. AR 235-36. He helps maintain the house by watering the grass, performing light chores, sweeping, and rinsing out dishes, for 30 to 60 minutes for each task, daily. AR 41, 235. This comports to two to four hours of housework a day. Moreover, as the ALJ noted, Plaintiff has been able to recycle since his alleged onset date, meaning he collects materials, sometimes by taking and pulling them out of homes and cars. AR 26, 47, 49 (describing "pulling a load of scrap iron"). He also goes to the YMCA on a regular basis, and he rides his bicycle while hauling a trailer every day for five to 10 miles to get to the store or "wherever [he] want[s]." AR 54. While many of Plaintiff's other daily activities do not necessarily detract from his claim of disability, these admitted activities show his overall condition was less limiting than he claimed. Indeed, Plaintiff admitted that no doctor precluded him from doing certain activities or from work. See Johnson v. Colvin, 671 F. App'x 519, 520 (9th Cir. 2016) (testimony of purported inability to work contradicted by claimant's admitted daily activities, including preparing her own meals, doing her own laundry, and participating in physical exercise); Nicholas v. Colvin, 2014 WL 5242584, at *5 (E.D. Cal. Oct. 14, 2014) (claimant's daily activities – including personal care, preparing meals,

doing laundry, cleaning, riding a bicycle, shopping, recycling, and other activities – was inconsistent with allegations of disabling impairments); Perez v. Colvin, 2014 WL 1247416, at *12 (E.D. Cal. Mar. 25, 2014) (complaints properly discounted where ALJ noted claimant was able to ride his bicycle up to 15 miles, collect cans, do laundry, and shop, among other activities). As such, substantial evidence supports the ALJ's finding that Plaintiff's reported activities were at odds with his alleged symptoms and limitations.

Finally, the ALJ further discounted Plaintiff's subjective symptom testimony because the objective medical evidence did not support his allegations of disabling limitations. AR 25-26. Although a lack of objective medical evidence cannot be the sole reason for rejecting a claimant's testimony, it can be one of several factors used in evaluating Plaintiff's subjective complaints. See Rollins, 261 F.3d at 857. As explained by the ALJ, there was no objective evidence showing a diagnosis of depression, or that Plaintiff was prescribed any oral medications. AR 26. Similarly, there was a lack of objective evidence supporting ongoing treatment for back pain. AR 26. As the ALJ stated, it was reasonable to expect evidence of treatment for back pain given Plaintiff's broad and limiting allegations. AR 26. Plaintiff fails to point to any objective evidence refuting the ALJ's finding, and fails to discuss any of objective evidence contradicting his findings. See, e.g., AR 353 (psychiatric findings: "[c]ooperative, appropriate mood & affect, normal judgment"), 613 (psychiatric symptoms: "[s]ubstance abuse, no anxiety, no depression"; musculoskeletal symptoms: "[n]o back pain, no [m]uscle pain"), 642 (psychiatric findings: "[c]ooperative, appropriate mood & affect"; back findings: "[n]ontender, [n]ormal range of motion, [n]ormal alignment").

Contrary to Plaintiff's contention that the ALJ issued a "boilerplate" finding which failed to provide any rationale discounting Plaintiff's subjective complaints, the ALJ provided at least four clear and convincing reasons

supporting his determination. Jt. Stip. at 8-10. Further, Plaintiff's contention that reliance on the lack of objective evidence is "always legally insufficient" is contrary to the law given it was not the ALJ's sole reason for discounting Plaintiff's complaints. Jt. Stip. at 8-9; Rollins, 261 F.3d at 857. Plaintiff makes a terse reference to daily activities (Jt. Stip. at 11-12), but he does not discuss the remaining reasons provided by the ALJ. Although the Court could treat Plaintiff's failure to address those other reasons offered by the ALJ as a waiver of an ability to challenge those reasons (see Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); Owens v. Colvin, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding)), the Court does not do so here. Nonetheless, as set forth above, the Court finds the reasons offered by the ALJ are valid and supported by substantial evidence.

The Court finds that the ALJ's reasons for discounting Plaintiff's subjective complaints are sufficiently specific, clear, and convincing enough to support his determination. Accordingly, reversal is not warranted.

## IV.

## ORDER

IT THEREFORE IS ORDERED that judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: June 21, 2018

_____
JOHN D. EARLY
United States Magistrate Judge